## McDANIEL v. THE STATE.

1. Where a motion is made to continue a criminal case upon the ground that the accused is physically unable to go to trial, and upon such question the testimony of medical experts introduced as witnesses is conflicting, the discretion of the trial judge in overruling the motion will not be controlled.

2. Where the accused is in court and offers no sufficient reason for a postponement of the trial of his case, and the trial is in all respects legal and regular, it will not be ground for a new trial that he was improperly brought into court under an order of the judge.

3. The evidence warranted the verdict, and there was no error at the trial.

Submitted December 7, 1897. — Decided January 19, 1898.

Indictment for murder. Before Judge Fite. Newton superior court. September term, 1897.

*J. M. Pace* and *E. F. Edwards,* for plaintiff in error.
*W. T. Kimsey, solicitor-general,* contra.

COBB, J. Henry McDaniel and his son, Sanders McDaniel, were jointly indicted, charged with the offense of murder. Henry McDaniel was admitted to bail. When the case against him was called for trial his counsel moved for a continuance,

on the ground that the accused, while on his way to court that morning, had been thrown from a buggy and had sustained injuries which rendered him unable to go to trial. The court heard testimony as to the accident and as to the condition of the accused, and passed the case for two days. After the expiration of that time, the case was again called, and the accused, being in bed at a hotel in the town where the court was being held, was, on the verbal order of the judge, brought into court by the sheriff. The motion for a continuance was renewed. Evidence as to his condition was heard at length, including the testimony of several physicians. Counsel stated that they would not be able to go to trial with the accused in the condition he then was, as he would not be able to render them any assistance. The evidence of the physicians as to whether the accused was in a condition to bear the strain of the trial, and intelligently confer with his counsel during the same, was conflicting. The court overruled the motion for a continuance. Throughout the trial the accused lay upon a cot or lounge, except when making his statement to the jury; being then helped to rise and sit in a chair. Error is assigned upon the decision of the court refusing the continuance; and further, on the conduct of the judge in ordering the sheriff to go to the hotel and bring the accused into court, there being no proceeding to forfeit the bond, and no surrender or effort to surrender by the sureties, and no suggestion that the security was insufficient. The accused was convicted of voluntary manslaughter; and his motion for a new trial containing the assignments of error above mentioned, as well as others hereinafter referred to, was overruled, and he excepted.

1. All applications for a continuance are addressed to the sound discretion of the trial judge. Penal Code, § 966. Especially is this true in regard to cases like the one under consideration. The trial judge had before him the testimony of physicians, presumably of good character, professionally and otherwise, who had examined the accused and given their opinion upon his mental condition, and his ability to stand the strain of the trial. They did not agree among themselves. To aid him in settling the conflict in the testimony of these expert

witnesses, the trial judge had before him the person of the accused. It may be, and probably was, the result of this trial by inspection which brought about the decision adverse to the motion to continue. In such cases the good sense, sound judgment, and humanity of the trial judge must be relied upon as safeguards against injustice. We can not say, under all the circumstances of the case, that there was any abuse of discretion in refusing the continuance. *Cox* v. *State*, 64 *Ga.* 374, 402.

2. One of the grounds of the motion for a new trial is, that the accused was improperly brought into court. He had been admitted to bail, and on the day the case was called was not in the court-room, nor in the court-house, but was confined to his bed at a hotel in the town where court was being held. No motion had been made to forfeit his bond; there was no suggestion that the security was insufficient; and there was no surrender or effort to surrender on the part of his bail. It is claimed that under these circumstances the court had no right to order that he be taken into custody and brought into the court-house. No complaint as to the manner in which the accused was brought into court was made until after the verdict. It is not necessary for us to decide whether, under such circumstances, it was a violation of any of the rights of the accused for the court to have ordered the sheriff to bring him into the court-room for trial. We are clear that if any right of the accused has been violated, it is, under the facts of this case, no ground for a new trial. The trial was in all respects legal and regular. What his rights would have been if he had, when brought into court, promptly made objection to the manner in which he was brought in, and moved for a release from custody, it is not now necessary to determine.

3. The evidence being sufficient to show a common plot or conspiracy on the part of the son and the father to attack the deceased, there was no error in admitting in evidence a declaration of the son, made immediately preceding the homicide, but after the formation of the conspiracy. Penal Code, § 999. While it is the better practice to require proof of the conspiracy before admitting such declarations, the admission of the evidence in a different order will not be ground for a new trial.

The charge of the court covered substantially all the principles contained in the request to charge which was refused. The evidence warranted the verdict, and there was no error in refusing a new trial.

Judgment affirmed. All the Justices concurring.