## OGLESBY v. THE STATE.

1. The title of an act being "An act to prohibit the sale of" liquors of a given character, in a named county, "and for other purposes therein mentioned," legislation in the body of the act was authorized, providing that the prohibition against the sale of the liquors should not become effective in such county until an election was had and the result was in favor of such prohibition. See *Mayor of Macon* v. *Hughes*, 110 *Ga.* 795; *Mayor of Americus* v. *Perry*, 114 *Ga.* 871.

2. When an act makes penal the sale of intoxicating liquors, and in a subsequent section provides that the prohibition shall not prevent practicing physicians from furnishing such liquors to their patients, it is not necessary, in an indictment for a violation of the act, to allege that the sale was not by a practicing physician. *Kitchens* v. *State*, 116 *Ga.* 847; *Rumph* v. *State*, 119 *Ga.* 121.

3. The courts will take judicial notice of the result of a prohibition election, whether the same was held under the general local option liquor law or a local act providing for such election. *Woodard* v. *State*, 103 *Ga.* 498, and cit.

4. When in the progress of an investigation of a case by the grand jury it develops from the testimony of a witness that an offense has been committed altogether disconnected from the case under consideration, it is entirely proper for the grand jury to cause a special presentment to be preferred for such offense and require the witness to appear and be sworn on the consideration of the presentment thus preferred. It is not only the privilege but the duty of the grand jury to present all offenders where the offense comes to their knowledge during the time of their service, and it is immaterial in what way the information is received.

5. Where a motion is made to continue a criminal case upon the ground that the accused is physically unable to go to trial, and upon such question the testimony of medical experts introduced as witnesses is conflicting, the discretion of the trial judge in overruling the motion will not be controlled. *McDaniel* v. *State*, 103 *Ga.* 269.

6. That a person accused of crime was improperly brought into court under an order of the judge can not properly be made a ground of a motion for new trial. *McDaniel* v. *State*, supra.

7. When a criminal case is called for trial and a motion for a continuance is made, the judge has a discretion to either continue the case or postpone the same until a later day in the term ; and this is true whether the term lasts longer than thirty days or not. The act of 1893 (Acts 1893, p. 56), now embraced in the Penal Code, § 961, does not interfere with the exercise of this discretion by the judge, that act merely providing that where the court lasts more than thirty days a continuance shall not be had if the ground upon which it is sought can be removed before the end of the term.

8. It is not an abuse of discretion to refuse to postpone a case to a later hour in the day in order to allow counsel time to prepare a demurrer and plea, when no reason appears why such demurrer and plea were not prepared before the case was called for trial ; and when it appears that the matters upon which the plea was based could have been ascertained before the case was called, and that the court suspended the trial in order to allow counsel time to prepare the demurrer and plea, such refusal will not be held erroneous.

9. Even if a motion to continue a criminal case can be properly entertained in the absence of the accused, the judge is not required to do so. If the absence is due to providential cause, this will be a sufficient answer to a rule nisi on a forfeiture of the bond.

10. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued January 16, — Decided January 26, 1905.

Indictment for unlawful sale of liquor.     Before Judge Proffitt. City court of Elberton.     November 30, 1904.

*Samuel L. Olive*, for plaintiff in error.

*Thomas J. Brown, solicitor*, contra.

COBB, J.     The accused was arraigned in the city court of Elberton, upon a presentment charging him with a violation of a local act prohibiting the sale of liquor in Elbert county.     Acts 1884–5, p. 520.     He filed a general and special demurrer and plea in abatement to the presentment, each of which being overruled, he filed a plea of not guilty.     After conviction he made a motion for a new trial, and assigns error upon the overruling of this motion and on the overruling of the demurrers and plea in abatement.     The principles stated in the headnotes are controlling upon the various questions involved.     While the record does disclose some irregularity in the manner in which the accused was brought into court for trial, this irregularity did not afford any reason for granting a new trial.     If the accused, after having

been brought into court, had moved for a discharge upon the ground that he was in the custody of his bail, who had not surrendered him, and that the court could not proceed to bring him into court by force until his bond had been forfeited, he might have been entitled to a release. But if the judge committed any error in this respect, it can not be taken advantage of by a motion for a new trial. A ruling of the court in reference to the matter should have been invoked, and exceptions pendente lite filed if the ruling was adverse to the accused. The case of *McDaniel* v. *State,* cited in the headnotes, seems to be controlling, in principle, upon this point. We see no reason for reversing the judgment.

*Judgment affirmed. All the Justices concur.*