## JONES v. THE STATE.

ATKINSON, J. 1. The provisions of §72 of the Penal Code are not applicable to the facts of this case.

2. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted June 20,—Decided July 3, 1906.

Indictment for murder. Before Judge Holden. Hancock superior court. May 14, 1906.

·R. H. Lewis, for plaintiff in error. John C. Hart, attorney-general, and David W. Meadow, solicitor-general, contra.

---

## ROWLAND v. THE STATE.

COBB, P. J. 1. When a motion for a continuance in a criminal case is made on the ground that the accused is physically unable to stand the strain of a trial, and the accused is present in court, the presiding judge may consider the condition of the accused as it appears to him, as well as the testimony adduced on the motion. In such a case the good sense, sound judgment, and humanity of the trial judge must be relied on as safeguards against injustice. *Rawlins* v. *State*, 124 *Ga.* 51 (18), and cit. It does not appear that there was any abuse of discretion in refusing to grant the continuance in this case.

2. There was no error in the rulings upon the admission of evidence. The extracts from the charge which were complained of were not erroneous for any reason assigned. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted June 20,—Decided July 3, 1906.

Indictment for larceny. Before Judge Kimsey. White superior court. May 12, 1906.

I. L. Oakes and R. T. Jaynes, for plaintiff in error.

W. A. Charters, solicitor-general, contra.