### 783. BRYAN *v.* THE STATE.

1. The Court of Appeals is without jurisdiction to consider the grounds of a motion to dismiss a bill of exceptions in a criminal case which is predicated upon alleged errors of the trial judge antecedent to its final decision upon a motion for new trial.
(a) The adjudication of alleged errors in a criminal case, adverse to the State, would be, in effect, the consideration of a cross-bill of exceptions, which the State is not permitted to file.

(b) Such errors can not properly be reviewed by a motion to dismiss, for the reason that such a motion must be addressed to some defect in form or procedure, inherent in the bill of exceptions itself, and relates back no further than the inception of the proceedings to obtain a writ of error, to wit, the presentation of a bill of exceptions.

(c) The third ground of the motion to dismiss is not sustained by the record.

2. The verdict was supported by the evidence, no error of law is assigned, and there was no error in refusing a new trial.

Accusation of misdemeanor, from city court of Ashburn—Judge Hawkins. September 4, 1907.

Submitted November 11,—Decided November 14, 1907.

*Z. Bass,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

RUSSELL, J. The solicitor of the city court of Ashburn has filed a motion to dismiss the bill of exceptions. The motion contains three grounds: (1) that there was no rule nisi issued on the motion for new trial, and that a motion to dismiss was made by the solicitor in the lower court at the proper time: (2) that the solicitor of the city court has never been served with a copy of the motion and order for new trial and with a rule nisi in said case; nor has he waived or acknowledged such service. It appears from the record that the judge failed to sign the rule nisi, and in explanation thereof he entered upon the motion a note stating that the rule nisi was presented to him at the proper time and that failure to sign was his fault, and not that of counsel for movant. The judge, however, did sign an order immediately following the usual nisi,—an order stating that a motion for new trial had been made, and allowing time for the completion of the brief of the evidence, and providing for the hearing of the motion at a future date. On the day set for the hearing the solicitor moved to dismiss the motion, upon the same grounds as are now made the basis of the motion to dismiss the writ of error in this court, and the court overruled the solicitor's motion. It also appears, from the affidavit of the defendant's counsel, that he served the solicitor with a copy of the motion for new trial.

1. The refusal of the trial judge to dismiss the motion for new trial, whether right or wrong, affords no reason for dismissing the bill of exceptions in this case; and these grounds of the motion to dismiss the bill of exceptions can not be considered. (a)

They are, in effect, exceptions in the nature of a cross-bill to errors alleged to have been committed against the State; and as there is no provision of law by which the State can prefer a bill ·of exceptions, these rulings are not reviewable, especially not by motion. to dismiss the main bill of exceptions. We are not prepared to hold that the judge ruled incorrectly in ·either instance, for we think that the rule nisi prepared for the signature of the judge and preceding the order signed by him, in which he states that the grounds of the motion are approved, may well be considered as part and parcel of one and the same paper; and therefore that it was in effect signed by him; and if this be true, service by copy of the motion as it then stood would have been sufficient service. It is not necessary, however, to pass upon this, because we are without jurisdiction to consider assignments of error in a bill of exceptions brought in behalf of the State, and any ruling upon the judgments of the trial court referred to in the motion to dismiss would be, in effect, a decision on a cross-bill of exceptions, or at least a review of the rulings of the lower court on the State's motion and complaint. (*b*) Moreover such errors can not properly be reviewed by a motion to dismiss; for the reason that such a motion must be addressed to some defect in form or procedure inherent in ·the bill of exceptions·itself, and relates back no further than the inception of the proceedings to obtain a writ of error, to wit, the presentation of a bill of exceptions. (*c*) The third ground of the motion to dismiss is not well taken, in that it appears that the bill of exceptions was filed with the clerk of the city court within fifteen days from the date it was approved by the judge and served upon the solicitor. The bill of exceptions was certified September 12, 1907, and served the same day, and was filed September 27, 1907. The motion to dismiss the bill of exceptions is therefore overruled.

2. The plaintiff in error was properly convicted of the offense of cheating and swindling, and there was no error in overruling the motion for new trial. While there was some conflict in the evidence, the testimony in behalf of the State, if believed by the jury, clearly established false representations on the part of the defendant, which were acted upon by the prosecutor, who was thereby deceived and defrauded. The contention of counsel for plaintiff in error in his brief is, that the defects of the horse he

exchanged were patent; that the prosecutor had full knowledge of these defects before he exchanged his mule and $50 in cash for the defendant's blind horse. Counsel for plaintiff in error relies upon the headnote decision in *Rainey* v. *State,* 94 *Ga.* 509 (19 S. E. 892). The facts in that case were distinguished in the decision from those in *Tatum* v. *State,* 58 *Ga.* 408, and the decision was based largely upon the particular facts developed by the evidence, and especially the fact that the defects were actually discovered by the prosecutor before the trade was concluded. The present case is controlled by the decision in the *Tatum* case, supra, because the jury have the right to conclude from the evidence in this case that the blindness of the animal represented by the accused as being sound was neither apparent nor discoverable by ordinary casual inspection. The prosecutor also had the right to rely upon the statements made at the time by the defendant as to the qualities of the horse and his own inexperience and ignorance, and it was for the jury to determine how much these statements in regard to past transactions were relied upon by the prosecutor, and whether they tended to prevent a close inspection. This case, upon its facts, is a stronger case against the defendant than the cases of *Tatum* v. *State,* supra, *Ryan* v. *State,* 104 *Ga.* 78 (30 S. E. 678), *Crawford* v. *State,* 117 *Ga.* 247 (43 S. E. 762), *Jones* v. *State,* 99 *Ga.* 46 (25 S. E. 617), or *Parks* v. *State,* 94 *Ga.* 601 (20 S. E. 430), in all of which cases judgments of guilty were approved by the Supreme Court. It can subserve no good purpose to discuss at length the principles involved in the offense of cheating and swindling, as defined in the Penal Code, § 670, or to note the application of those principles to the facts as shown by the State in this case; for the reason that the principles of law are well settled and amply fortified by numerous authorities, and the evidence in this record is apposite to the law.

*Judgment affirmed.*