## McLAUGHLIN, *alias* DAVIS, *v.* THE STATE.

1. It does not appear that there was any abuse of discretion in refusing to grant a continuance of this case.
2. Where the evidence of all the witnesses who testify to the fact of the homicide shows that the same was murder, and the theory of voluntary manslaughter is presented only by the statement of the accused, it is not error for the court, in the absence of a written request, to omit instructions to the jury upon the subject of voluntary manslaughter.
3. The judge did not err in overruling the ground of the motion for a new trial based upon evidence alleged to have been discovered since the trial; for, in view of all the evidence in the case and the clearly established facts showing the defendant's guilt, that newly discovered evidence would not probably produce a different result upon another trial.

DECEMBER 12, 1913.

Indictment for murder. Before Judge Hawkins. Laurens superior court. September 20, 1913.

David McLaughlin, alias Lewis Davis, was tried under an indictment charging him with the offense of murder, it being alleged that he shot and killed his wife, Selma. Two witnesses, testifying that they saw the shooting, swore that the accused shot his wife four times, once in the breast and three times through the bowels, inflicting mortal wounds from which the woman died in two or three hours. In his statement the defendant claimed that his mother-in-law and his wife had made a violent assault upon him, and that as he was leaving the place at which this occurred the husband of his wife's mother assaulted him with a piece of wood, striking him violently on the face, and that he shot four times at the man thus assaulting him. After the homicide the accused fled the State. The homicide occurred about nine years before the trial. During this time the defendant remained away from the State, and had been arrested and confined in jail about a month before the trial occurred. Two attorneys practicing in the court were appointed, on the 4th day of August, 1913, to defend the accused, as he had not been able to employ counsel. On the following morning the case was called for trial, and at the request of the attorneys so appointed the trial was temporarily postponed, and the case was called again for trial on the afternoon of August 6th. A motion for a continuance was then made, one of the counsel stating that he had not had time to prepare the defense, had had no opportunity to confer with anybody who might know anything about it, nor had he had opportunity to investigate and find out

whether the defendant had any defense. Counsel stated further, that he had not been well for several days, and was not able and would not undertake to go out and attempt to locate witnesses; that he had not been able to prepare the case in the length of time allowed; and that he did not think the accused could have a fair and impartial trial if he was forced to trial at that time. The other counsel appointed to represent the accused stated, that he had been very busy in the trial of other cases since the appointment; that he had not had the slightest opportunity to investigate the case, and the merits of the same were unknown to him; and that he would not like to go to trial without the assistance of the associate counsel. The defendant swore, that he had been in jail since the 4th day of July, 1913, and had been absent from the county since 1904; that he received a letter from his father the day before, and this was the first time he had gotten into communication with him; that he had left the county nine years before, "on account of this row;" that he ran away on account of the indictment. But on further examination he stated that at the time of leaving he did not know of the indictment. The motion for a continuance was overruled. After the submission of evidence, of argument of counsel, and the charge of the court, the jury rendered a verdict of guilty, without a recommendation. A motion for a new trial was overruled, and the defendant excepted.

*R. Earl Camp*, for plaintiff in error. *T. S. Felder, attorney-general*, and *E. L. Stephens, solicitor-general*, contra.

BECK, J. (After stating the foregoing facts.)

1. This court will not interfere with the discretion of the trial judge in refusing to grant a motion for the postponement of a criminal case to allow counsel to prepare for trial, where it is not made to appear that there has been a gross abuse of discretion, or that the trial judge has displayed a want of consideration for the rights of the accused, which amounts to a denial of a fair trial. *Harris v. State*, 119 *Ga.* 114 (45 S. E. 973), and cases cited. The ground of the motion predicated upon the statement of one of the counsel for the accused, that he was physically unable to go into the case at the time of the trial, and had been unwell for several days, presents no reason for the grant of a new trial by this court, in view of what was ruled in the case of *Rawlins v. State*, 124 *Ga.* 31, 33 (52 S. E. 1), which was followed in the case of *Rowland v. State*, 125 *Ga.* 792 (54 S. E. 694).

2. All of the evidence introduced upon the trial shows that the shooting of the woman, Selma, by the accused was unprovoked murder. According to the testimony of the eye-witnesses who spoke on the trial, the husband, without provocation, shot at his wife four times, striking her once in the breast and three times in the bowels, inflicting wounds from which she died in a few hours. In his statement the defendant claimed that an assault was being made upon him, and that he shot at his assailant under circumstances which might, if his statement had been credited by the jury, have reduced the homicide to the grade of manslaughter. But there was no request to charge the law of voluntary manslaughter, and it was not error for the judge, in the absence of a written request upon that subject, to omit giving such a charge.

3. One ground of the motion for a new trial was based upon evidence alleged to have been discovered after the trial. The evidence consisted of the affidavits of two witnesses, one of whom deposed that after hearing the shooting she arrived at or near the place of the homicide, and that she saw one Ben Burney making a violent attack with a piece of wood upon the accused. The other witness deposed to the fact of the alleged attack upon the accused by Ben Burney, and stated the shooting occurred after this, although he did not see the act of shooting. It is manifest that the testimony contained in the first affidavit could not have aided the defendant. An assault upon the accused, after the shooting, by one of the bystanders, could not have reduced the grade of the offense committed in shooting the decedent. And while the testimony of the other witness by affidavit, to the effect that one Burney was making a violent assault upon the defendant just previously to the shooting, does corroborate the statement of the defendant, we do not think that a new trial should be granted upon this account, as in view of all the facts in the case it could hardly be expected to produce a different result on another trial. How could a jury be expected to believe the defendant's statement that he shot at a man who was his assailant, four times, when, according to the uncontradicted evidence in the case, none of the shots fired touched the man at whom it is claimed by the defendant that he fired them, but each one found lodgment in the vitals of his wife, the woman with whose murder he stands charged. The statement alleged to have been made by the dying woman, in one affi-

davit submitted on the hearing of the motion for a new trial, that the accused was not to blame but that her mother was at fault, was a mere conclusion (even if it be true that the woman made such a statement), and could not have been introduced as testimony on another trial.

Still another affidavit was introduced in which the affiant deposed that certain of the State's witnesses, naming them, were of bad character. Such evidence, being merely of an impeaching character, shows no ground for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*