## HIGGS *v.* THE STATE.

FISH, C. J. 1. Upon the call for trial of a criminal case the accused moved for a continuance on the ground that he was physically unable to go to trial, on account of the effects of an operation for appendicitis performed about a month previously. He was present when the motion was made and heard, thus affording the judge ample opportunity to, consider his physical appearance. A physician appointed by the court, with consent of counsel for the accused, to examine him and report as to his condition, testified that he had that morning made examination and found that the wound made in the operation "was absolutely well" on the outside; that nothing wrong on the inside could be detected by pressure; that the accused was constipated, and, when the examination began, was nervous and a little weak and scared, but soon became normal, and he was, in the opinion of the physician, able to go to trial. *Held*, that the discretion of the judge in refusing a continuance will not be controlled. Penal Code (1910), § 992; *Cox* v. *State,* 64 *Ga.* 374 (37 Am. R. 76); *McDaniel* v. *State,* 103 *Ga.* 268 (30 S. E. 29); *Oglesby* v. *State,* 121 *Ga.* 602 (5) (49 S. E. 706); *Rawlins* v. *State,* 124 *Ga.* 31 (18), 51 (52 S. E. 1); *Rowland* v. *State, Carter* v. *Pitts,* 125 *Ga.* 792

(54 S. E. 694, 695). See also *McLaughlin* v. *State,* 141 *Ga.* 132 (80 S. E. 361); *Dale* v. *Beasley,* 141 *Ga.* 594 (81 S. E. 849).

(a) During the hearing of the motion for continuance the judge stated that a physician appointed to examine the accused had informed the court that the accused "was constipated and a little scared." This statement by the judge was at once urged as an additional ground for the continuance, because made in the presence of persons who would likely be selected as jurors if the case should be tried; and the court then said: "The statement that I made was simply repeating the statement that the doctors made to me, and I don't want the jury to be prejudiced in any way, and you need not consider that statement. I just simply stated what the physicians reported to me." *Held,* that the refusal of the continuance because of the remark-of the judge was not error.

2. An assignment of error upon the admission of a given portion of the testimony of a witness is not well taken when it appears that the excerpt was objected to in its entirety and some material portion of it was admissible. *Burkhart* v. *City of Fitzgerald,* 137 *Ga.* 366 (73 S. E. 583).

(a) The indictment upon which the accused was tried for murder charged that he shot and killed the decedent with a certain rifle; the contention of the State, which was supported by evidence, was that the accused with a man by the name of Jordan drove in a buggy to the home of the decedent, whom the accused called from her house to the buggy, and when she reached the buggy the accused offered her a drink of whisky from a bottle, which she declined, saying that she did not drink; whereupon the accused, with an oath, demanded that she should take a drink, which she again declined; and after a little further talk between them, he took up the rifle and shot her, and she died from the wound. In the excerpts from the testimony of the witnesses, which were objected to in their entirety, it appears, as a portion thereof, that there was testimony to the effect that within less than an hour prior to the homicide, and in one instance within less than a mile and in the other about three hundred yards of the home of the decedent, the accused in a buggy, accompanied by Jordan, and with a rifle and part of a bottle of whisky, was driving towards the home of the decedent. In view of the charge in the indictment that the accused shot the decedent with a rifle, and the contention of the State adverted to, such portion of the excerpts were relevant and admissible in evidence; and under the rule above stated, the assignments of error upon the admission in evidence of the entire excerpts were not well taken.

3. An assignment of error that the court allowed the solicitor-general to propound leading questions to a witness for the State was not good, when it did not appear what the questions were.

4. The court did not err in refusing to give in charge to the jury the requested instructions by counsel for the accused on the law of involuntary manslaughter, for the reason that neither under the evidence nor under the statement of the accused to the jury was that grade of homicide involved.

5. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*
JUNE 26, 1916.

Indictment for murder. Before Judge Summerall. Ware superior court. March 27, 1916.

*Wilson & Bennett, W. T. Dickerson,* and *H. M. Wilson,* for plaintiff in error. *Clifford Walker, attorney-general, M. D. Dickerson, solicitor-general, A. B. Spence,* and *Mark Bolding,* contra.