9249. Parks v. The State.

HARWELL, J.. 1. "The Court of Appeals is without jurisdiction to consider the grounds of a motion to dismiss a bill of exceptions in a criminal case which is predicated upon alleged errors of the trial judge antecedent to his final decision upon a motion for new trial." *Bryan v. State*, 3 *Ga. App.* 26 (59 S. E. 185). Accordingly, the motion to dismiss the bill of exceptions in this case, predicated upon the ground that the trial judge erred in allowing the brief of evidence to be filed in the lower court over the objection of the solicitor that such brief had not been served upon him as required by the order setting the motion for new trial down for a hearing, is without merit.

2. "Where a motion is made to continue a criminal case upon the ground that the accused is physically unable to go to trial, and upon such question the testimony of medical experts introduced as witnesses is conflicting, the discretion of the trial judge in overruling the motion will not be controlled." *McDaniel* v. *State*, 103 *Ga.* 268 (30 S. E. 29); *Oglesby* v. *State*, 121 *Ga.* 602 (49 S. E. 706); *Rawlins* v. *State*, 124 *Ga.* 33 (18) (52 S. E. 1). The two physicians appointed by the court in this case to examine the defendant having testified that he was able to appear at the trial, the trial judge did not, in refusing the motion for a continuance, abuse the discretion vested in him by § 992 of the Penal Code.

3. The testimony of several witnesses to the effect that when they made a raid on the defendant's place of business they found him in the rear of his store breaking up bottles of corn whisky, authorized the verdict of guilty of having liquor in his possession; and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
Decided December 19, 1917.

Accusation of misdemeanor; from city court of Hall county—Judge Wheeler. September 26, 1917.

*Sloan & Sloan, B. P. Gaillard Jr.,* for plaintiff in error.
*Hammond Johnson, solicitor,* contra.