### 11173.  HUGGINS *v.* THE STATE.   .

1. There is no proper assignment of error upon either the forfeiture of the defendant's bond, or the alleged improper bringing of the defendant into court. These matters, therefore, can not be passed upon.

2. Where a motion is made to continue a criminal case upon the ground that the accused is physically unable to attend court, and upon this question the testimony of the physicians introduced as witnesses is conflicting, the discretion of the trial judge in overruling the motion will not be controlled.

3. While a judgment of a court of competent jurisdiction is conclusive between the parties and their privies as to the issue which it decides (Civil Code of 1910, § 4335), it is not so as to third persons. *Mays* v. *Compton*, 13 *Ga.* 269; *Russell* v. *Slaton*, 25 *Ga.* 193; *Hart* v. *Manson*, 119 *Ga.* 865 (4) (47 S. E. 345).

  (*a*) From this ruling it follows that where a verdict and judgment of the superior court in a criminal case are pleaded as a bar to the prosecution in that court of another criminal case, the plea is insufficient in law, and should be stricken on general demurrer, or on oral motion, where it appears that both prosecutions were not against the same defendant.

  (*b*) In the instant case the defendant was charged with having, controlling and possessing intoxicating liquors. He filed a plea in bar, in which he set up that at a previous term of the court his wife had been indicted, convicted and sentenced for having, controlling and possessing the same liquors at the same time and place. The plea further alleged that upon the wife's trial the evidence for the State showed that she had the *exclusive* possession and control of the liquors. Upon oral motion of the State the judge struck the plea. *Held*: The plea was properly stricken. See, in this connection, in addition to the cases cited above, *Duncan* v. *State*, 149 *Ga.* 195 (99 S. E. 612); 12 Cyc. 277 (8); 16 C. J. 257 (§ 421).

4. Under repeated rulings of the Supreme Court and of this court, where a ground of a motion for a new trial is based upon the alleged erroneous admission of documentary evidence, such evidence must be set forth, either literally or in substance, in the ground itself, or attached thereto as an exhibit. In the instant case the documentary evidence admitted

over the objections of the defendant, was a certified copy of an indictment and sentence of the United States court for the northern district of Georgia, but this evidence was not attached as an exhibit to the ground of the motion for a new trial which complained of its admission, nor was it set forth therein either literally or in substance. The ground fails to show even the name of the person who was indicted and sentenced in the United States court. Under these circumstances the ground is too defective to be considered by this court.

5. The excerpt from the charge of the court excepted to was not erroneous for any reason assigned.

6. The defendant's conviction was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 4, 1920.  REHEARING DENIED APRIL 13, 1920.

Indictment for possession of liquor; from Cobb superior court — Judge Morris. November 29, 1919.

*H. B. Moss, Clay & Giles,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.

BROYLES, C. J.  Under the somewhat peculiar facts of this case an elaboration of the 1st and 2d headnotes is thought advisable. The record shows the following undisputed facts: The defendant was under indictment for a misdemeanor and was out on bail. His trial was set for November 25, 1919, of the November term of the superior court of Cobb county. When the case was called on that day he did not appear, and his counsel moved for a continuance, based upon the illness of the accused. The motion was supported by the following affidavit: "Georgia, Cobb County. I, J. W. Ellis, do swear that I am a practicing physician, and says that he attended on Burt Huggins [the defendant], that I visited him to-day and found him confined to his bed, suffering with orchitis; he is not able to attend court this week.  J. W. Ellis, M. D.  Sworn to and subscribed before me this Nov. 24, 1919.  B. V. Greer, J. P., Cobb County, Georgia."

The court overruled the motion for a continuance, declared the defendant's bond forfeited (the judge certifies that the defendant had forfeited his bond in this case at a former term of the court), and directed the sheriff to have the defendant brought into court, if, in the sheriff's opinion, he was able to come. The sheriff sent two officers to the defendant's home, where he was found, up and fully dressed, except that his coat was off. The defendant was brought from his home in an automobile and confined in the jail in Marietta, but during the journey the party stopped at the town of

Kennesaw, where the defendant was allowed to consult with his physician (the Doctor Ellis who signed the certificate in support of the motion for a continuance). Upon the following day the defendant was brought into court and the hearing of the motion for a continuance was resumed. Two or more physicians testified as to his physical condition, and the defendant testified in his own behalf in support of the motion.

There was a sharp conflict in the testimony of the physicians as to whether the defendant was able to stand the strain of his trial and to properly advise with his counsel. After the counter-showing by the State, the court overruled the defendant's motion for a continuance and signed a formal order forfeiting the defendant's bond, and to these rulings the defendant excepted. He also excepted to the alleged improper bringing of the defendant into court. These exceptions were preserved pendente lite. The pendente lite exceptions contained, in addition to these three exceptions, one other, to wit, an exception to the overruling of the defendant's special plea.

1. The main bill of exceptions contains no assignment of error upon the exceptions pendente lite as a whole, and error is assigned therein only upon the judgments refusing a continuance and overruling the special plea; nor did counsel for the plaintiff in error, before the beginning of the argument in this court, request permission to assign error in the main bill of exceptions upon the exceptions pendente lite as a whole, or upon the forfeiture of the bond, or upon the alleged improper bringing of the accused into court. Under these circumstances the only assignments of error in the pendente lite exceptions which can be considered by this court are those upon the refusal of the continuance and upon the overruling of the defendant's special plea.

2. We think it clear that the court was not required, in the absence of the defendant, to accept, as conclusive evidence of his physical inability to attend court, the physician's affidavit presented. "Even if a motion to continue a criminal case can properly be entertained in the absence of the accused, the judge is not required to do so. If the absence is due to providential cause, this will be a sufficent answer to the rule nisi on a forfeiture of the bond." *Oglesby* v. *State*, 121 *Ga.* 602 (9) (49 S. E. 706). See also, in this connection, *Frain* v. *State*, 40 *Ga.* 530, in which it

was held that upon a motion for a continuance the certificate of a physician is not good evidence of a fact necessary to be proven. In the case at bar it seems that the judge did not finally overrule the motion for a continuance which was grounded upon the physician's certificate, but that he merely held, in effect, that this showing alone was insufficient and unsatisfactory, and that the hearing of the continuance was postponed until the following day when the defendant had been brought into court. Conceding, but not deciding, that the forfeiture of the bond and the manner in which the defendant was brought into court were irregular, these irregularities had no direct bearing upon the merits of the motion for a continuance. As stated above, there was no valid assignment of error either upon the forfeiture of the bond or upon the alleged improper bringing of the defendant into court, and, therefore, no questions are raised in this connection for our consideration. However, it is well settled by many decisions of the Supreme Court that the improper bringing of a defendant in a criminal case into court is not cause for a new trial.

"Where the accused is in court and offers no sufficient reason for a postponement of the trial of his case, and the trial is in all respects legal and regular, it will not be ground for a new trial that he was improperly brought into court under an order of the judge." *McDaniel* v. *State,* 103 *Ga.* 268 (2) (30 S. E. 29). In that case it was held, inferentially, that the defendant's remedy was to move for a release from custody. We do not consider it amiss, however, to say, in passing, that we think it would have been much better if the court had sent a physician along with the sheriff to the defendant's residence, with instruction to examine the defendant as to his physical condition, instead of leaving this matter to be determined by the sheriff, who, the record discloses, was not a physician.

In the instant case, after the defendant had been brought into court, the evidence of the medical experts introduced was in sharp conflict upon the question of whether his physical condition was such as to enable him to stand his trial and to properly advise with his counsel as to his defense. In the *McDaniel* case, supra, the motion for a continuance was upon the same ground as in this case, and in that case the Supreme Court, among other things, said: "The evidence of the physicians as to whether the accused was in a

condition to bear the strain of the trial, and intelligently confer with his counsel during the same, was conflicting. The court overruled the motion for a continuance. Throughout the trial the accused lay upon a cot or lounge, except when making his statement to the jury; being then helped to rise and sit in a chair. . . All applications for a continuance are addressed to the sound discretion of the trial judge. Penal Code [of 1895], § 966. Especially is this true in regard to cases like the one under consideration. The trial judge had before him the testimony of physicians, presumably of good character, professionally and otherwise, who had examined the accused and given their opinion upon his mental condition, and his ability to stand the strain of the trial. They did not agree among themselves. To aid him in settling the conflict in the testimony of these expert witnesses, the trial judge had before him the person of the accused. It may be, and probably was, the result of this trial by inspection which brought about the decision adverse to the motion to continue. In such cases the good sense, sound judgment, and humanity of the trial judge must be relied upon as safe guards against injustice. We can not say, under all the circumstances of the case, that there was any abuse of discretion in refusing the continuance. *Cox* v. *State*, 64 *Ga.* 374, 402." This ruling was approved and followed in *Oglesby* v. *State*, supra; *Rawlins* v. *State*, 124 *Ga.* 31 (52 S. E. 1); *Rowland* v. *State*, 125 *Ga.* 792 (54 S. E. 694); *Higgs* v. *State*, 145 *Ga.* 414 (89 S. E. 361), and in many other decisions of the Supreme Court.

Under the above rulings and the facts of this case, it does not appear that the trial judge abused his discretion in overruling the motion for a continuance.

3. The other headnotes do not require elaboration.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*