86

BLOODWORTH, J.   I.   The defendant's motion for a continuance was upon the ground that he was physically unable to stand trial. He was present in court and the trial judge had an opportunity to consider his condition, as well as the evidence adduced on the hearing of the motion, and it does not appear that the judge abused his discretion in refusing to grant a continuance.   *Rowland* v. *State*, 125 *Ga.* 792 (54 S. E. 694); *Ogletree* v. *State*, 22 *Ga. App.* 628 (96 S. E. 1049).

2. The evidence authorized the verdict, no error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 10, 1928.

*F. A. Irwin,* for plaintiff in error.
*J. A. Wright, solicitor,* contra.

## 18694. REEVES v. THE STATE.

DECIDED APRIL 10, 1928.   REHEARING DENIED MAY 15, 1928.

*H. A. Allen, Jesse B. Simmons,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BROYLES, C. J.   The indictment in this case charged "James Reeves, A. F. Reeves and Mrs. A. F. Reeves with the offense of misdemeanor, for that said accused, in the county of Fulton and State of Georgia, on the 13 day of March, 1927, with force and arms, did drive and operate an automobile along and upon Central Ave. (Hapeville), a public street and highway, James Reeves, the actual driver and operator thereof, being a boy under the age of sixteen years, and *accused J. A. Reeves and Mrs. J. A. Reeves* (italics ours) did counsel, aid, instruct, command, and procure James Reeves to commit the said act of operating said automobile as aforesaid, knowing that James Reeves was under the age of 16 years as aforesaid,