No. 20.—NATHAN MYRICK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1] *Scire facias* is amendable at the trial term, so as to make it conform in the description to the bond upon which it issued.

[2.] That amendment alone will not authorize a continuance by the defendant, nor can the defendant continue on the ground alone that he desires to plead.

*Scire facias*, in Crawford Superior Court. Tried before Judge POWERS. September Term, 1852.

A *scire facias*, directed to the Sheriff of Pike County, was issued on the 3d day of August, 1852, by James J. Ray, Clerk of the Superior Court of Crawford County, on a bond given by Nathan and Richard Myrick, for the appearance of the former, charged with the offence of simple larc_ny, at the Superior Court of Crawford County.

The defendants filed no plea, but at the trial, demurred to the *scire facias* for irregularity, and moved to quash the proceedings, on the following grounds:

1st. "That according to the laws of this State, and the practice in our Courts, the Clerk of the Superior Court of Crawford County had no legal authority to issue the *scire facias* directed to the Sheriff of Pike County, when neither defendant resided in Crawford County, but each residing in Pike.

2d. "It appearing by the proceedings in said cause that the *scire facias* first issued in Crawford County, was issued on the 15th of July, 1852, since the March Term of Crawford Court, 1852, directed to the Sheriff of the County of Crawford, and was by said Sheriff returned *non est inventus* on the 2d August, 1852, and between that time and the sitting of the Court on the second Monday in September, 1852, two other writs of *scire facias* were issued by the Clerk of the . Superior Court of Crawford County, ("the second not reci-

ting the first, and the third not reciting the second *scire facias,*) each of which were returned by the Sheriff of the County of Crawford, without any order for that purpose by the Court, after which another *scire facias* was issued during vacation, and between the said March and September Terms of said Court, by the Clerk of the Superior Court of Crawford County, directed to the Sheriff of the County of Pike, (where the defendant resided,) on which last mentioned *scire facias* the Sheriff of the County of Pike returned, "served as to Richard Myrick," and as to Nathaniel A. Myrick, "*non est inventus,*" the last mentioned *scire facias* not reciting that any former *scire facias* had issued.

The Court overruled the motion, and counsel for defendant excepted.

The Solicitor General then offered in evidence the bond of Myrick. Counsel for defendant objected to its introduction, upon the ground of variance between the bond described in the *scire facias* and that offered in evidence—the date of the former being in November, and that of the latter in September, 1851.

The Court overruled the objection, and counsel for defendant excepted.

Counsel for defendant then moved to continue the case, to enable him to plead and prove that Nathaniel A. Myrick had been arrested for the same offence in Pike County.

The Court refused the motion and counsel for defendant excepted, and upon these several exceptions has assigned error.

GREENE and HAMMOND, for plaintiff in error.

Sol. Gen. DEGRAFFENREID, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

As to the exceptions to the order authorizing the issuing of *alias scire facias,* we need not consider them, for the reason that the cause was proceeding on an *original scire facias* is-

sued according to the provisions of the Act of 1851–'2. The Court so considered, and so treated it. According to that Act, the proceeding was regular. (*Acts of* 1851–'2, *p.* 234–'5.)

[1.] The *scire facias* was amendable so as to conform to the bond. There could be no surprise to the defendant by reason of that amendment. The bond was substantially set forth; the amendment suggested no new ground of action. The defendant did not claim to be surprised. On these accounts he was not entitled to a continuance, because of the amendment.

[2.] The defendant moved to continue, *that he might plead.* Without expressing any opinion on the plea, it is clear that a party cannot continue, *that he may plead,* without showing some special reasons. That a party desires to plead, at the first Term when the cause was called for a hearing, without much is not a good ground for a continuance.

The exception that the Clerk could not issue a *sicre facias* against a party out of the County, was waived in the argument. *See* 10 *Geo. Rep.* 557.

Let the judgment be affirmed.