HAMPTON, *et al.*, *vs.* BROWN, Governor, etc.

32  251
113  11

If the recognizance recites the offense substantially for which the offender is arrested, it is not necessary to designate it by name.

*Scire facias*, on a forfeited recognizance, in Taylor Superior Court. Decision made by Judge WORRILL, at the October Term, 1860.

The only question in this case, arose upon the following state of facts, to-wit :

At the April Term, 1859, of Taylor Superior Court, a bill of indictment was found and filed against Philip Hampton, charging him with being a "cheat and swindler," and further alleging, " that, on the 28th day of January, 1858, with intent to cheat and swindle one Bryan Ingram, did by false representations of his own respectability and mercantile correspondence and connections, obtain a credit, and get possession of property, to the amount of $1,000 00, from the said Bryan Ingram, of the real and private property of the said Bryan Ingram, said property being lot of land No. 191, lying and being in the 14th district of Taylor county, Georgia, said land of the value of $1,000 00, whereby said Philip Hampton did then and there defraud, cheat and swindle the said Bryan Ingram, he, the said Philip Hampton, being then and there of no respectability, wealth, or mercantile correspondence or connections, and having no property."

On the 17th day of June, 1859, the defendant, Philip Hampton, was arrested under a warrant for the offense charged in the indictment, and entered into a recognizance with Elijah H. Hicks and Henry Horton as his securities, " to appear at the Superior Court of said county of Taylor, on the first Monday of October, 1859, and to continue from day to day, and from term to term, then and there to answer to a bill of indictment for the offense of cheating and defrauding."

In the April Term, 1860, the defendant failing to appear, the recognizance was duly and regularly forfeited.

On the 21st day of June, 1860, *scire facias* issued, and

was duly served upon the said Hampton and his securities, to show cause why judgment should not be entered up against them for the amount of said bond with costs.

In answer to the *scire facias* the defendants showed for cause :

1. That the recognizance did not specify any crime, in charging Hampton with having committed the offense of *cheating and defrauding.*

2. That the bill of indictment charged the defendant, Hampton, with the offense of being a *cheat and swindler,* and that there is, therefore, a variance between the indictment and recognizance.

The presiding Judge decided the showing insufficient, and passed an order for final judgment on the recognizance.

This decision is the error alleged.

JAMES T. MAY, for plaintiff in error.

PEABODY, (Solicitor General,) for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The defendant was prosecuted under the 9th section of the 11th division of the Penal Code as a cheat and a swindler. (Cobb, 822.) He was arrested, and gave bond for his appearance to answer for the offense of cheating and defrauding. Forfeiting his recognizance, a *scire facias* was issued against him and his securities, to show cause why judgment should not be entered up against them for the amount of their bond. They showed for cause : 1. That the bond did not specify any crime. 2. That there was a variance between the indictment and the bond. The Court overruled both objections, and the defendant excepted, and this is the case before us.

But any act, by which another is " defrauded and cheated," under that section, makes the offender a cheat and swindler, and the offense is so charged in the indictment. The grand jury say, that " the said Philip Hampton did then and there *defraud, cheat,* and swindle," the said Bryan Ingram, etc.,

using those terms indifferently, as they had a right to do under the Code.

We can not consider the variance material, and we hold that the recognizance recites the offense, if not by name, yet in substance, which is sufficient.

Judgment affirmed.