Woodall *et al. vs.* Smith.

---

WILLIAM L. WOODALL *et al.*, plaintiffs in error, *vs.* JAMES M. SMITH, governor, defendant in error.

The advice given by the solicitor general to the security on the recognizance to have the principals in court as soon as he could get them there, with the assurance that the judgment of forfeiture would not be entered until next morning, may have misled the security so as not to have applied to the court for indulgence until next day, or to employ counsel for that purpose; and this, with the fact that the security did have the principals in court by the jury hour next morning, and so announced to the court, was sufficient to authorize the setting aside the judgment of forfeiture, although it had then been entered on the minutes.

Woodall *et al. vs.* Smith. .

Criminal law.   Bail.   Before Judge BUCHANAN.   Troup Superior Court.   May Term, 1873.

Two indictments were pending against William L. Woodall and Priscilla Bacon, for adultery and fornication.   Bonds for the appearance of the defendants were given, each in the sum of $500 00, with Godfred Kener as security.   The defendants failed to appear, and a *scire facias* was issued in each case, requiring the security to show cause why his bond should not be forfeited.   These cases were called late in the evening, and no cause being shown to the contrary, rules absolute were taken.   On the succeeding morning, by the arrival of the hour for jury business, but after the orders taken on the previous evening had been entered on the minutes, the security produced his principals in court, and, with them, moved that the judgments of forfeiture be set aside on account of his having been misled by the solicitor general.

It was then made to appear by the statement of the solicitor general that he did not promise the security on the previous evening that he should have an opportunity to show. cause on the next morning why said bonds should 'not be forfeited ; that when said cases were called, the security asked him what he should do ; that he replied that the best he could do would be to have the defendants in court as soon as he could get them there, and that he would not enter the judgments until the next morning; that this occurred just after the court allowed the orders forfeiting the recognizances, and immediately before it adjourned for the day.

It further appeared that the security, with a bailiff, proceeded to the residence of the defendants at daybreak on the succeeding morning, and produced them in court with the utmost diligence.   The motion was overruled, and movants excepted.

B. H. BIGHAM; SPEER & SPEER, for plaintiffs in error.

A. H. COX, solicitor general, for defendant.

TRIPPE, Judge.

When the case was called, which was the last thing done that afternoon, and the court told the solicitor general he could take a judgment of forfeiture, the ·security on the bail bond asked· the solicitor " what he should do," and he replied to him that "the best thing he could do would be to have the defendants in court as soon as he could get them there, and that he then told him he would not enter the judgment forfeiting the recognizance until the next morning." No application was made to the court. The security swears, that acting on these statements of the solicitor general, he started by day-break the next morning with an officer, and by the time jury hours had arrived had both defendants in court. As soon as the attention of the court could be had, the fact that defendants were present to submit to trial was announced. The order of forfeiture having by this time been prepared and entered on the minutes, a motion was immediately made to set aside the judgment. This the court refused. The security had the right, when the case was called, to ask time of the court until next morning, to have his principals present. It was the last case called that afternoon, and the court adjourned after announcing that the solicitor general· could take the judgment of forfeiture. What the solicitor said to the security made it unnecessary for that application to have been made to the court. What the court would have then done we cannot say. It had a discretion in the premises, and the security may have been induced, by what the solicitor general said, not to appeal to that discretion, or to have obtained counsel to do so for him. He followed the suggestions made by the state's attorney, and did what he was advised· to do. He had the right to believe if he brought the defendants into court by the next morning, the final forfeiture would be saved. He did so. He paid all the price that was asked, and the state, by that act, had at its command two persons charged as criminals by the grand jury. We do not think that it would be a precedent inviting *laches* or delay on the part of defend-

ants to allow a security, under these facts, to have the forfeiture of his bond opened. There were other facts not herein mentioned which might have operated on the court to have allowed the security until the next morning, had his discretion been first appealed to. It is more than probable that that right was lost to the security by what passed between him and the solicitor general.

Judgment reversed.