BOSWELL *vs.* COLQUITT, governor; BIVINS *vs.* McDANIEL, governor.

Where a criminal recognizance has been forfeited, and a *scire facias* has issued, the securities on the bond have until the state case against the principal is called at the next term, to produce his body to answer to the charge against him. To enter the *scire facias* on another docket, call it and enter a judgment against the sureties before the call of the criminal case, is illegal.

March 4, 1884.

Criminal Law. Bonds. Contracts. Principal and Surety. Before Judge WILLIS. Harris Superior Court. October Term, 1883. Taylor Superior Court. October Adjourned Term, 1883.

Reported in the decision.

CARY J. THORNTON, for plaintiff in error.

THOS. W. GRIMES, solicitor general, by W. A. LITTLE, for defendants.

JACKSON, Chief Justice.

The question involved in these two cases is, whether the bail for defendants' appearance to answer a criminal charge has, at the term after *scire facias* has issued against him, until the state case against his prinicipal is called, to produce the body of that principal to answer the charge against him, or may the bond be forfeited at an earlier day of the

court, when the *scire facias* is called on another docket?

It seems that the practice in the Chattahoochee circuit of late years has been to place the *scire facias* in such cases on the civil docket, and when that docket is called, the forfeiture of the bond is made final by judgment of the court, though the bail produce his principal when the case on the criminal docket is called for trial, and though the defendant be then actually tried, and, as in one of the cases at bar, on the trial, is acquitted of the crime.

We think that this practice is erroneous. The object of the law is to bring the defendant to trial, and his surety should be encouraged to produce him to answer at the second term, if the defendant fail to appear at the first. Hence the law allows no final judgment to go against the surety until the second term. At that term, he is to show cause why his bond to see that the defendant be in court should not be forfeited; and when, for cause, he shows the defendant in the court, ready to answer, at the second term, when the case against the defendant is called for trial, without any delay, it is good cause for non-forfeiture of the recognizance; indeed, the most powerful and conclusive reason why the bond should not be forfeited.

Of course, the cost of the *scire facias* must be paid by the surety, if the prisoner does not, because the default of the prisoner in not appearing at the first term caused the issue of the writ.

We believe that this has been the general practice in the state; if not, it ought to be, for it is the reason and spirit of the law, and, as we think, the policy of the state. It insures the trial, or tends to insure it, because the bail, rather than pay the penalty in the bond, will strive to produce the criminal at the second term, and if he be not there on the first day, he will run him down in time for his trial when the criminal docket is called. The object of the law is to try the defendant, and punish him if guilty, not to put money in the coffers of the state or the pockets of her officers by forfeiting bonds one day before the crim-

inal docket is called, though on the very next the surety, in order to save himself, has run down the principal and brought him to trial.

Authority in this court is not wanting to show that such has been the current of its opinion for many years.

In the 17 *Ga.*, p. 88, the surety on a bond to produce the body of a principal on a *ca. sa.* to take the honest debtor's oath, when imprisonment for debt was constitutional and legal in this state, was allowed until the jury was discharged to bring his principal into court; and this court. then Judge Benning, a very eminent member of the Chattahoochee bar for a long time, delivering the opinion, reversed the judgment of the court below, which had forfeited the bond.

In the 45 *Ga.*, p. 10, on a *scire facias* like these, to show cause at the second term why final judgment should not be taken against the surety, it was ruled that he should be allowed until the call of the case on the criminal docket to show cause, by producing then the body of his principal. The principle ruled in that case covers these. The court say : " The object of the bond is to secure the attendance of the principal, not to raise money for the state," and also, " if he does not appear at the first term, his sureties are then called on by *scire facias* to produce him at the second. If they do so at any time before the case is regularly reached in its order on the criminal docket, no final judgment can be entered." And the case in 17 *Ga.*, p. 88, *supra*, is cited as covering that.

The judgment below was reversed, and the final judgment, which had been rendered when the *scire facias* on the motion docket was called, was set aside.

The case in 51 *Ga.*. 171 is on the same general line, and other indications of opinion may be found in other reports of the decisions of this court. The case, however, in the 45th, *supra*, covers these, and it is unnecessary to reason further, or to cite more.

See Code, §§4702, 4703, 4746. The last citation contains

these words: "After forfeiture, and before final judgment, the bail may, at any time, surrender their principal upon payment of all costs."

The judgment must be reversed, and upon payment of costs accrued on the *scire facias*, the court below is directed to vacate the judgment of forfeiture in each case.

Judgment reversed.