VAUGHAN *v.* CANDLER, Governor.

1. The forfeiture of a criminal recognizance by scire facias is a civil proceeding, and the scire facias is amendable.
2. A recognizance conditioned for the appearance of the accused to answer the charge of "assault with intent to kill" is not void as failing to show that the offense charged is an offense against the laws of the State.　Under such a charge the accused might be convicted at least of an assault.

Submitted January 30, — Decided March 25, 1901.

Forfeiture of recognizance.　Before Judge Brinson.　Richmond superior court.　February 16, 1900.

*M. P. Carroll,* for plaintiff in error.
*W. H. Davis, solicitor-general,* contra.

SIMMONS, C. J.  This case arose upon a proceeding by scire facias to forfeit a criminal recognizance given by Jerry Vaughan as principal, and Mike Vaughan as surety.  The scire facias described the recognizance as reciting that it should "be void on condition that the said Jerry Vaughan make his personal appearance before the next superior court to be held for said county, to answer the offense of assault with intent to murder."  It also appeared that the "next" term of the court was the April term, and that the scire facias was issued at the succeeding October term.  The surety demurred generally, and on the ground that the recognizance described provided it should be void on condition that the principal appeared at the "next" term, and that the scire facias was issued at a succeeding term and because of the failure of the principal to appear at such later term.  The court allowed the solicitor-general to so amend the scire facias as to make this part of it read "that the said Jerry Vaughan make his personal appearance before the next superior court to be held for said county, and from day to day and from term to term of said court, to answer," etc.  The demurrer was then overruled.  The surety then offered a plea in which he set up that the State could not forfeit the recognizance, "because the same was given to answer for the offense of 'assault with intent to kill,' the same being no offense known to the law of Georgia."  This plea was stricken by the court, and judgment entered up against both the principal and the surety. The latter excepted, assigning error upon the overruling of his demurrer and the allowance of the amendment to the scire facias, upon the striking of his plea, and upon the rendition of the judgment.

1. The exception to the overruling of the demurrer would probably be good if the pleadings in the case had not been amended, but by the amendment the defect to which the demurrer was directed was entirely removed.  Nor is the exception to the allowance of the amendment good.  The proceeding, while instituted for the purpose of forfeiting a recognizance given in a criminal case, was on the civil side of the court, and came within the general rule allowing amendments in all civil cases.  Civil Code, § 5097.  We think, therefore, that the amendment was properly allowed, and that it was proper, after the allowance of the amendment, to overrule the demurrer filed by the plaintiff in error.

2. The plea of the surety was stricken. This must have been done for the reason that it did not set up any sufficient defense. We are therefore called upon to determine whether a criminal recognizance describing the offense as "assault with intent to kill" sufficiently designated the offense of which the principal was charged, and whether the offense recited was one known to and indictable under the laws of this State. For what offense the principal was indicted and called upon to appear can not be determined from the record, and the striking of the plea must be upheld if a recognizance to appear to answer the offense specified, the offense of an "assault with intent to kill," could bind the principal and surety to have the former in court to answer for any offense known to and indictable under the law of this State. It is of course true that the offense described in the recognizance must be one punishable by law, and that where it is not, the recognizance is void. At the same time it is not at all necessary that the offense should be set out specifically and in detail. The description may be entirely general, provided the offense described be an indictable one. 1 Bish. New Crim. Proc. § 264 b (4); *Hampton* v. *Brown*, 32 *Ga.* 251. "The offense with which the accused stands charged must be stated in the recognizance . . with sufficient clearness to show of what offense he is in fact accused, but this need not be done with the technical accuracy required in an indictment." 3 Am. & Eng. Enc. L. (2d ed.) 696—698. In the present case it may be that the words "assault with intent to kill" are not sufficient to show a charge of "assault with intent to murder," for there is nothing in them which can refer to malice, one of the necessary ingredients of an assault with intent to murder. Be that as it may, we are clear that the language employed is amply sufficient to show a charge of an assault, and that the recognizance was, therefore, not void. It has been held that where, under an indictment for "assault with intent to kill and murder," the accused is found guilty of "an assault with intent to kill," the necessary intendment of the finding is that the accused is guilty of an assault or assault and battery. State *v.* Burns, 8 Ala. 313. In the case of Hodges *v.* State, 20 Tex. 493, the recognizance required the accused to appear and answer a charge of "assault with intent to kill." The court held that the recognizance was good and sufficient, and that it charged an offense "for which the accused might be convicted of

an assault, if not also of the intent to murder." The facts of the present case are substantially identical, as to this question, with those of the case last cited. That case, we think, was rightly decided; and we hold in the present case that the words "assault with intent to kill" were sufficient to bind the obligors to have the principal at court to answer, at least, a charge of an assault.

After the scire facias had been amended and the plea stricken, it was proper to have entered up judgment as was done.

*Judgment affirmed. All the Justices concurring.*