### 909.   MARKS *v.* SMITH, Governor.

HILL, C. J.   1. Where an indictment, with the bond given thereon, has been regularly transferred by the superior court to a city court having jurisdiction of the offense charged in the indictment, the jurisdiction of the former ceases, and the jurisdiction of the latter attaches. The latter court has jurisdiction of all proceedings in the case subsequent to the transfer, including the forfeiture of the bond. Sureties in bonds taken in misdemeanor cases are chargeable with knowledge of the law which permits the transfer of such cases by the superior court to the city court for trial.

2. An amendment of a rule nisi issued on the forfeiture of a bond in a criminal case, changing the recital of the date of the execution of the bond, so as to make such recital of the date correspond to the true date of the bond, did not add a new and distinct cause of action, and was properly allowed.

9

3. "An indictment which omits to charge that the failure of the accused to perform his contract of labor, or to repay advances made to him, was without good and sufficient cause is fatally defective." A bail bond based on such defective indictment is void, and the surety thereon can set up such defect as a release, in answer to the scire facias issued on the forfeiture of the bond. *Mason* v. *Terrell*, 3 *Ga. App.* 348 (59 S. E. 4); *Candler* v. *Kirksey*, 113 *Ga.* 309 (38 S. E. 825, 84 Am. St. R. 247), and cit.

4. A presiding judge who is disqualified to try a criminal case is also disqualified to forfeit a bond in such case, or to grant a rule nisi on the forfeiture; and a judgment absolute based thereon is illegal, and should be set aside upon direct attack for that purpose.

*Judgment reversed.*

Forfeiture of recognizance, from city court of Monticello — Judge Thurman. November 25, 1907.

Submitted February 17,—Decided March 30, 1908.

*A. Y. Clement*, for plaintiff in error.