## 9750. CARSON v. THE STATE.

BROYLES, P. J. 1. Under the Penal Code, every indictment of the grand jury is to be deemed sufficiently technical and correct which states the offense in the terms and language of the code, or so plainly that the nature of the offense charged may be easily understood by the jury, and that the accused may be apprised with reasonable certainty of the nature of the offense charged. Park's Ann. Penal Code, § 954, and authorities

there cited under the heading "Test of sufficiency," on page 530. The court did not err in overruling the demurrer to the indictment.

2. The excerpt from the charge, excepted to, is not erroneous for any reason assigned.

3. The failure of the court to charge on the subject of impeachment of witnesses was not error, there being no timely written request for such a charge.

4. It was not error for the court to fail to charge on the contentions of the defendant as specified and set forth in the special ground of the motion for a new trial complaining of such failure.

5. The admission of testimony as complained of in the 4th special ground of the motion for a new trial was not erroneous for any reason assigned, and a portion of it was clearly admissible.

6. The admission of testimony as complained of in the 9th special ground of the motion for a new trial, if error, was not so prejudicial as to require a new trial of the case.

7. A ground of a motion for a new trial which complains of the exclusion of oral testimony must show that a pertinent question was asked and that the answer was ruled out. Griffin v. Henderson, 117 Ga. 382 (43 S. E. 712). Under this ruling the 14th special ground of the motion for a new trial is fatally defective, and can not be considered.

8. The 5th, 6th, 7th, 8th, 10th, 11th, 12th, 13th, 15th, and 16th special grounds of the motion for a new trial complain of the admission of certain testimony; but in some of them it is not shown that the testimony was objected to by counsel for the defendant, and in none of them is it shown what objections were made to the trial court at the time the evidence was offered or admitted. These grounds, therefore, under repeated rulings of the Supreme Court and of this court, can not be considered.

9. The alleged newly discovered evidence was cumulative and impeaching in its character, and, moreover, the necessary supporting affidavits as to the good character, associates, etc., of some of the newly discovered witnesses, were lacking. It does not appear that the judge abused his broad discretion in overruling the ground of the motion for a new trial based upon such alleged newly discovered evidence.

10. The conviction of the defendant was authorized by the evidence, and has been approved by the trial court.

        Judgment affirmed. Bloodworth and Harwell, JJ., concur.
                Decided October 22, 1918.

Indictment for robbery; from Fulton superior court—Judge Hill. April 8, 1918.

The indictment charged G. C. Carson and others with "the offense of robbery, for that said accused," in the county named and on a given date, "with force and arms, did wrongfully, fraudulently, and violently, by force and intimidation, take from the person of A. H. Boykin, without his consent and with intent to steal the same," $1,260 in money, of the value of $1,260, "the property of Martel Manufacturing Company, a corporation, contrary to the

laws of said State," etc. The demurrer was on the grounds, that no crime is charged; that the indictment fails to charge that the money was taken without the consent of the alleged owner; and that it fails to show that Boykin was an agent or representative of the alleged owner and was in possession of the money lawfully and with the consent of the owner.

Paragraph 7 of the decision relates to the following ground: "Because the court erred, as movant contends, in refusing defendant's attorneys the right to ask witness for the State, Lillian Mc-Gaughey, concerning specific cases in which the witness had engaged or been connected with as a violator of the law. Movant contends that he had a right to bring out the various crimes in which the witness had been engaged, in order for the jury to know the character of the witness and the character of the source of evidence, and that the refusal to allow him to do so was prejudicial and hurtful to him."

*J. Mallory Hunt, Thomas E. Scott, Reagan & Reagan,* for plaintiff in error.

*John A. Boykin, E. A. Stephens,* contra.