## 10155.  SKIPPER v. THE STATE.

An accusation alleging that the defendant "did unlawfully have, possess, and control spirituous, alcoholic, malt, and intoxicating liquors and intoxicating bitters and other drinks which if drunk to excess will produce intoxication," was not subject to demurrer on the ground that it failed to set out how the defendant controlled the liquors.

DECIDED JANUARY 9, 1919.

Accusation of misdemeanor; from city court of Thomasville—Judge W. H. Hammond.  September 17, 1918.

*J. M. Austin,* for plaintiff in error.

*H. J. MacIntyre, solicitor,* contra.

BLOODWORTH, J.  The accusation in this case alleged that the defendant "did unlawfully have, possess, and control spirituous, alcoholic, malt, and intoxicating liquors and intoxicating bitters and other drinks which if drunk to excess will produce intoxication."  The defendant demurred on several grounds, but the only ground argued in the brief of his counsel in this court was that the accusation "fails to set out how this defendant controlled said whisky and intoxicating beverages."  The other grounds of the demurrer, not having been argued in the brief, will be treated as abandoned.  The ground argued was properly overruled.  The defendant was charged with a purely statutory offense, and the accusation followed substantially the language of the statute.  "An indictment for a purely statutory offense is sufficient which describes the offense in the language of the statute."  *Stoner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602).  "An indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific."  *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592).  "The indictment was sufficiently full and definite in its statement to inform the defendant of the offense with which he was charged, and exact enough to protect him from a second jeopardy."  *Youmans* v. *State,* 7 *Ga. App.* 101 (4) (66 S. E. 383).

*Judgment affirmed.  Broyles, P. J., and Stephens, J., concur.*