### 12756.  BROOKS *v.* HARDWICK, Governor.

BROYLES, C. J.  1. A scire facias, which recites that the criminal recognizance in question was forfeited at the June term, 1920, of the court, could have been lawfully amended by making this part of the scire facias read, in conformity to the rule nisi upon which it was based, that the recognizance was forfeited at the March term, 1921, of the

court. Such an amendment would not add a new and distinct cause of action. See, in this connection, Civil Code, 1910, § 5692; *Myrick* v. *State*, 13 *Ga.* 190 (1); *Johnson* v. *Goddard*, 19 *Ga.* 597; *Wright* v. *State*, 51 *Ga.* 524; *Vaughan* v. *Candler*, 113 *Ga.* 9 (38 S. E. 352); *Bird* v. *Terrell*, 128 *Ga.* 386 (2) (57 S. E. 777); *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235 (58 S. E. 128); *Marks* v. *Smith*, 4 *Ga. App.* 129 (2) (60 S. E. 1016).

(a) Such a scire facias being amendable and not absolutely void, its defects would be cured by judgment.

2. "This being a motion to set aside a judgment absolute, rendered in a proceeding to forfeit a criminal recognizance, and it appearing from the allegations of the petition that scire facias was duly issued and served upon the movants, and that they failed to appear and show why the judgment absolute should not be granted, it was too late to urge, as ground for setting aside the judgment, any reason which might have been urged before its rendition, unless the judgment was for some reason absolutely void." *White* v. *Brown*, 12 *Ga. App.* 275 (77 S. E. 105).

3. Under the above rulings and the facts of the instant case, the court did not err in sustaining the demurrer interposed to the motion to set aside the judgment and in dismissing and denying the motion.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1921.

Forfeiture of bond; from city court of Floyd county — Judge Nunnally. August 2, 1921.

*J. L. Wallace, Porter & Mebane,* for plaintiff in error.

*James Maddox, solicitor,* contra.