## 15469. ROBERTS *v.* THE STATE.

1. The purpose of allowing the accused in a criminal case to give bond is at least twofold; to prevent punishing the accused before conviction, and to secure his attendance upon the court at the time named in the bond.

(*a*) The sureties on a criminal bond are as the four walls of a jail, and "in order to fully discharge their obligations, they are obliged to secure their principal's presence and put him as much in the power of the court as if he were in the custody of the proper officer."

(*b*) The failure of the defendant to appear in accordance with the provisions of the bond will operate as a breach thereof.

(*c*) The proceeding to forfeit a criminal recognizance is a civil case, and the law in this State allows the sureties until the criminal case is called at the next term after they have been served with notice of the forfeiture, to produce their principal; but the proceeding to forfeit the bond does not, "as a matter of law," result in the continuance of the criminal case for a term.

(*d*) When a criminal case is called, and in obedience to the order of the court the accused is rearrested and taken in custody by the proper officer, this abrogates the bond so far as the principal sum thereof is concerned.

(*e*) The undertaking of the sureties on a criminal bond is stricti juris, and where the bond obligates the principal to be present at a specified term of court, but contains no provision for his appearance from term to term, or other like provision, the appearance of the principal at the term specified in the bond would be a compliance with the condition thereof.

2. For no reason assigned in the demurrers should the accusation have been stricken.

3. It is not insisted that the evidence is insufficient to support the verdict.

DECIDED MAY 13, 1924.

Accusation of diversion of gas; from city court of Floyd county —Judge Bale. March 10, 1924.

*Porter & Mebane,* for plaintiff in error.

*James Maddox, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was arrested and gave bond for his appearance at the March term, 1924, of the city court of Floyd county, to answer to the accusation, in which he was charged with a misdemeanor. During that term the case was called for trial and he was not in court. Thereupon the judge ordered the sheriff to arrest the accused and bring him into court to answer to the charge for which he had given bond and for which an accusation against him was pending. The sheriff arrested the accused and placed him in jail. So far as the record shows, there was at the time no protest as to this action of the sheriff, and no offer to give an

additional bond. When the case was called for trial the accused filed a motion in which he alleged in part: "Defendant shows that inasmuch as this is the first term of court after the original arrest of defendant and the taking of bond, and being the first term after said accusation was filed in said case, and defendant being in possession of his bondsmen, and that said bond is amply sufficient, that his arrest under the order of the court as aforesaid, and the order of the court, is illegal, and that defendant is entitled to his discharge, and that the defendant as a matter of law had the right to forfeit his bond at this the March term of court, and that the court had no right, under the law, to issue an order for the defendant's arrest, and that the sheriff of said county had no right to rearrest the defendant for said offense for which he had heretofore as aforesaid been arrested and given legal bond, his bond having never been forfeited nor any rule nisi issued. Wherefore, defendant prays the court for a discharge upon the ground that he is in the custody of his bail, who has not surrendered him, and that the court not proceed to compel defendant to go to trial at this the March term, 1924, of said county [court?] and prays that the court release him under his original bond aforesaid, so that he may depart hence until the June term, 1924, of this court, at which said time under and by law this defendant will be present and present himself to this court for trial of said case as is by law provided." The prosecuting attorney admitted the facts alleged, and upon a hearing of the motion it was overruled.

The defendant then demurred to the accusation, which was in three counts. The solicitor struck the first count; so this court is concerned only with the other two. The demurrers were overruled. The trial resulted in a verdict of guilty. A motion for a new trial was overruled, and the defendant excepted.

1. Let it be remembered that there was no motion to continue the case upon any of the grounds for which provision is made by the code, and that the only reason urged for a continuance is that set out in the motion shown in the foregoing statement of facts. The court properly overruled the motion to release the accused from the custody of the sheriff and continue his case until the June term of the court. What is the purpose of such a bond as was given in this case? It is at least twofold: to prevent punishing the accused before his conviction, and to secure his attendance at the time

named in the bond. No copy of the bond given in this case appears in the record. However, from the motion to which reference is made above, we learn that the bond was "conditioned on the defendant being and appearing at the March term, 1924, of the city court of Floyd county, Georgia." Under this bond it was the duty of the accused to be present at all times during the March term, to answer the call of the court to do whatever the law required of him. It was the duty of his bondsmen to see that the principal at all times during the term was present to respond to the call of the court. If the defendant had been placed in jail, he could at any time on the call of the case have been brought into court for trial. The bondsmen are as the four walls of the jail, and "in order to fully discharge their obligations, they are obliged to secure their principal's presence and put him as much in the power of the court as if he were in the custody of the proper officer." 3 R. C. L. 42, § 48; 6 C. J. 1030, note 27 (a). A failure of the defendant to appear in accordance with the provisions of the bond will operate as a breach thereof. Penal Code (1910), § 961. If a jury qualified to try the defendant is in attendance on the court, and the prosecuting attorney calls the case and announces that the State is ready to try it, or if the judge calls the case in its order and the accused does not answer, the court can proceed to forfeit the bond. The proceeding to forfeit a criminal recognizance is a civil case. *Perkins* v. *Terrell,* 1 *Ga. App.* 250 (2) (58 S. E. 133); *Vaughn* v. *Candler,* 113 *Ga.* 9 (2) (38 S. E. 352). The law in its leniency to the bondsmen allows them until the criminal case is called at the next term after they are served with notice of the forfeiture, to produce the principal and save themselves from final judgment as to the principal sum of the bond. See *Boswell* v. *Colquitt,* 73 *Ga.* 63; *Freeman* v. *State,* 112 *Ga.* 648 (37 S. E. 886). But the mere fact of the forfeiture does not necessarily, "as a matter of law," result in the continuance of a criminal case for a term. In ex parte Mariano, 34 Rhode Island, 536 (84 Atl. 1087), the court said: "From the nature and the purpose of criminal proceedings, the authority is inherent in the Superior Court to require respondents in criminal cases pending before it to give additional bail whenever in the judgment of that court such additional bail becomes necessary to secure the presence of the respondent before it for trial or for sentence, provided the additional bail required be not excessive in amount.

The jurisdiction of the court to try the respondent upon the charge against him or to impose sentence upon him is dependent upon his presence before the court at the trial or at the time of sentence as the case may be.  The purpose of holding a respondent in custody is to secure his attendance at the trial or for sentence; and when he is bailed, although the immediate custody over him passes to the surety or sureties upon the recognizance, it is not intended thereby to jeopardize the right of the State to proceed against him upon the criminal charge.  .  .  The purpose of a criminal proceeding is not to secure to the State  the obligation of the respondent and the sureties in a penal sum.  Such obligation is merely incidental to the main proceeding; is taken for the benefit of the respondent; and is permitted, as far as such grace can be granted, without affecting the rights of the State or the performance by the State of its duty under the criminal law.  By the acceptance of such recognizance by the court, the State does not bargain away for a penalty its right to have the attendance of the respondent when required, nor does the court lose its authority to take such action as it may consider necessary to further its execution of the law.  In re James, 18 Fed. Rep. 835.  If the recognizance be defaulted the right of the State is not restricted to a recovery of the penalty, but it may take proceedings to enforce the penalty, and at the same time bring the respondent before the court and go on with his prosecution upon the criminal charge."

Counsel for the plaintiff in error urged that "the defendant as a matter of law had the right to forfeit his bond at this the March term of court."  The members of this court know of no such provision of the law.  On the contrary, the whole scheme of our law looks to a speedy trial of all criminal cases.  To this end the constitution of the State, in article 1, section 1, paragraph 5 (Civil Code of 1910, § 6361), provides that every person charged with an offense against the laws of this State shall have a public and speedy trial before an impartial jury; and § 983 of the Penal Code of 1910 gives to every person accused of a crime, where the offense is not one affecting his life, a right to "demand a trial at the term when the indictment is found, or at the next succeeding term thereafter, or at any subsequent term, by special permission of the court, which demand shall be placed upon the minutes of the court; and if such person shall not be tried at the term when the demand is

made, or at the next succeeding term thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." Section 959 provides: "No person shall give bail more than twice before trial for the same offense, after presentment or indictment found." And § 986 is in part as follows: "Every person against whom a bill of indictment is found shall be tried at the term of the court at which the indictment is found, unless the absence of a material witness, or the principles of justice, should require a postponement of the trial." In addition, under the ruling in *Smith* v. *Kitchens,* 51 *Ga.* 159, when a case was called and the defendant failed to appear and the court ordered his rearrest for the same offense, and he was taken in custody by the sheriff, this abrogated his bond. The case just referred to was one in which a bond was given prior to indictment, and after being indicted the accused was arrested under a bench warrant. In the opinion in that case (p. 160) Judge McCay said: "The course pursued in this case is the common practice in the State, and has been for many years. Especially after indictment found, the judge of the court where the indictment is orders the rearrest of one under bail, at his discretion. As we have said, it is a very proper thing often for the judge to do, and if such a power did not exist, it would be a great defect in our criminal law." See in re Mariano, supra. Moreover, as hereinbefore stated, all we know of the condition of the bond is what is stated in the motion to continue, and that shows that the defendant was to appear at the March term of the court. The record does not show that the bond provided for the appearance of the defendant "from term to term." In *Colquitt* v. *Smith,* 65 *Ga.* 341, it was held: "Where the condition in a criminal recognizance was that a principal should appear at a particular term of court, but it contained no provision as to appearing from term to term, or other like provision, the appearance of the principal at the specified term was a compliance with the condition, and her failure to appear at a subsequent term to which the case was continued would not subject the sureties to a forfeiture." In that case Justice Crawford said (p. 342): "The only question made by this record therefore is, whether the condition in a recognizance which binds the principal to appear at a particular term of the court, to answer upon a criminal charge can be construed to extend the said

appearance from term to term, so as to make the securities liable to a forfeiture for a failure of their principal to appear at any other term than that named in the bond. We hold that it cannot; as the undertaking of the security is stricti juris, he cannot in law or equity be bound further than the very terms of his contract. Code, sec. 2150 [Civil Code of 1910, § 3540]; 10 *Ga.* 235." As the undertaking of a surety is one of strict law, under the record as it is brought to us the bond obligated the accused to be present at the March term of court only, and, the defendant not having been present when his case was called, the bond became functus officio, and the defendant was properly ordered into custody.

Counsel for plaintiff in error refer to the cases of *McDaniel* v. *State,* 103 *Ga.* 268 (30 S. E. 29); *Oglesby* v. *State,* 121 *Ga.* 603 (49 S. E. 706), and *Huggins* v. *State,* 25 *Ga. App.* 41 (103 S. E. 32). If there is an apparent conflict between the ruling in those cases and the ruling of this court in the present case, an examination of the cases cited will show that the apparent conflict is in the portions of the decisions that are obiter.

2. The accusation in this case contained three counts. The first was stricken by the solicitor. For no reason assigned in the demurrers to counts 2 and 3 should the accusation be stricken. The defendant was charged with a purely statutory offense, and the accusation follows substantially the language of the statute. See Ga. L. 1916, pp. 153, 154, and Park's Ann. Code Supp., vol. 11, § 230 (d). "An indictment for a purely statutory offense is sufficient which describes the offense in the language of the statute." *Stoner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602). See Penal Code (1910), § 954; *Skipper* v. *State,* 23 *Ga. App.* 155 (97 S. E. 866); *Moore* v. *State,* 27 *Ga. App.* 782 (110 S. E. 55); *Carson* v. *State,* 22 *Ga. App.* 743 (1) (97 S. E. 202).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*