17866. FAULKNER *et al. v.* WALKER, Governor, *et al.*

1. "No judge or justice of any court . . can sit in any cause or proceeding in which . . he has been of counsel," unless the opposite party or his counsel agrees in writing that he may preside.
2. "A presiding judge who is disqualified to try a criminal case is also disqualified to forfeit a bond in such case, or to grant a rule nisi on the forfeiture; and a judgment absolute based thereon is illegal, and should be set aside upon direct attack for that purpose."
3. The court erred in sustaining the demurrer and dismissing the petition to vacate and set aside the judgment absolute upon the forfeiture of the criminal recognizance.

DECIDED APRIL 12, 1927.

Forfeiture of recognizance; from Cherokee superior court — Judge Wood. December 8, 1926.

William J. Faulkner was indicted, and John S. Wood, as solicitor-general, represented the State in the drawing and procuring of the indictment. William J. Faulkner, as principal, and James F. Faulkner, as security, executed an appearance bond. When the case was called in the superior court, in which John S. Wood was solicitor-general, the defendant failed to appear, and the bond was forfeited and scire facias issued. Subsequently the judge of the superior court died and John S. Wood succeeded him in office. Thereafter, while John S. Wood was presiding as judge of that court, the defendant's case was again called, and William J. Faulkner not being present and having failed to make a new bond in the case, judgment was entered against the defendant and his security on the bond, which judgment was signed by John S. Wood, judge of the court, then and there presiding. The defendant and his security filed a petition in the superior court, praying that said forfeiture and judgment and the fi. fa. issued thereon be declared null and void, and be vacated and set aside, on the ground that the judge was disqualified because of his former participation in the case as solicitor-general. When this cause came on to be heard before Judge Wood, George D. Anderson, then solicitor-general, demurred to the petition, and the judge sustained the demurrer and dismissed the petition. To this judgment William J. Faulkner and James F. Faulkner excepted.

*Morris, Hawkins & Wallace,* for plaintiffs in error.

Judges, 33 C. J. p. 1002, n. 16; p. 1003, n. 22; p. 1005, n. 66, 69, 78 New; p. 1020, n. 6; p. 1023, n. 60.
Judgments, 34 C. J. p. 295, n. 97.

*George D. Anderson, solicitor-general,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) Section 4642 of the Civil Code of 1910, provides that "No judge or justice of any court . . can sit in any cause or proceeding in which . . *he has been of counsel.* . . Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases *if the opposite party or counsel agree in writing* that he may preside, unless the judge declines to do so." (Italics ours.) It is undisputed that the presiding judge had been of counsel for the State in the case under consideration, and it is not contended that the defendant or his counsel gave written consent for him to preside in the bond forfeiture. In *Marks* v. *Smith,* 4 *Ga. App.* 129 (4), 130 (60 S. E. 1016), it was held that "A presiding judge who is disqualified to try a criminal case is also disqualified to forfeit a bond in such case, or to grant a rule nisi on the forfeiture; and a judgment absolute based thereon is illegal, and *should be set aside* upon direct attack for that purpose." (Italics ours.) Applying this decision to the instant case, we necessarily conclude that if the judge is not qualified to try a criminal case in which he himself drew the indictment and otherwise participated, then he is not qualified to forfeit the bond in that case, and a judgment absolute based thereon *is illegal,* and *should be set aside* upon direct attack for that purpose. In *Allen* v. *State,* 102 *Ga.* 619, 622 (29 S. E. 470), the Supreme Court said: "It is conceded that Judge Felton of the Macon circuit was the solicitor-general of the circuit and prosecuted the plaintiff in error under the indictment for murder when that issue was tried in the superior court of Bibb county. He was therefore *disqualified,* under the terms of the Civil Code, § 4045 [§ 4642 of the Code of 1910, hereinbefore cited], from passing on the motion. By the common law the fact that the judge had been of counsel in a case was not a legal objection. . . Disqualification for this cause, therefore, is statutory, and the disability to preside is the result *alone* of the statute. From whatever source the disqualification to preside in a cause may arise, the effect, when such disqualification exists, is to *divest jurisdiction,* and the action taken is coram non judice, and void. . . It will be noted that the words of the statute are that 'No judge or justice of any court, no ordinary,

justice of the peace, nor presiding officer of any inferior judicature or commission, can *sit* in any cause or proceeding in which he has been of *counsel.*' . . The word 'sit,' when used in the statute, is synonymous with the word 'preside'; and it is fair, in construing it, to hold that the language intended that *any act* done *or order* made in the case *of a judicial nature is prohibited.* . . It may therefore, we think, be conceded that while the statute *forbids any judicial officer* who has been of *counsel* in a particular case *from* thereafter *presiding* in the trial of such case, such prohibition is restricted to hearing the case, *and to making or passing any order in relation thereto as may be judicial in its nature.*" (Italics ours.) This ruling was based squarely on the fact that the presiding judge had been of counsel. If he has been of counsel, the statute, except as provided therein, forbids his "sitting" or "presiding" in the case, "or passing any order in relation thereto as may be judicial in its nature;" and it is not denied, in the instant case, that the judge had been of counsel for the State, participated as counsel in the case, and did thereafter preside as judge in the case, and that the judgment of forfeiture was an "order judicial in its nature."

Inasmuch as the presiding judge was disqualified to try this case or to pass orders therein, and his disqualification was not waived, the trial thereafter went for naught. See *Shuford* v. *Shuford,* 141 *Ga.* 408 (9), 409 (81 S. E. 115); *State Mutual Life Ins. Co.* v. *Walton,* 142 *Ga.* 765 (3), 766 (83 S. E. 656); *Dobbins* v. *City of Marietta,* 148 *Ga.* 467 (2), 468 (97 S. E. 439).

The court erred in sustaining the demurrer and dismissing the petition and motion to vacate and set aside the judgment absolute upon the forfeiture of the criminal recognizance.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*