### 18733. KENNEDY *v.* THE STATE.

Decided April 10, 1928.

*O. C. Darsey,* for plaintiff in error.

*J. T. Grice, solicitor-general,* contra.

BLOODWORTH, J. It is undisputed that the judge who presided at the trial of this case had acted as solicitor-general and had drawn the indictment under which the accused was being tried. It is also undisputed that neither the accused nor his counsel had agreed in writing that this judge might preside and try the case. Section 4642 of the Civil Code of 1910 provides that "No judge or justice of any court . . can sit in any cause or proceeding in which . . *he has been of counsel.* . . Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases *if the opposite party or counsel agree in writing* that he may preside." (Italics ours.) Under this provision of the law the judge who presided was disqualified, and upon a direct attack, on this ground, he should have so declared himself. "From whatever source the disqualification to preside in a case may arise, the effect, when such disqualification exists, is to *divest jurisdiction,* and the action taken is coram non judice, and void." Inasmuch as the presiding judge in the instant case was disqualified, and his disqualification was not waived, the trial went for naught. See *Faulkner* v. *Walker,* 36 *Ga. App.* 637, 638 (137 S. E. 909), and cit.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*